UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAN AGAINST EXTINCTION ) | |
| ) | |
| *Plaintiff*  **E-filing** ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| H. DALE HALL, Director,   CV 08   1488 | |
| U. S. FISH AND WILDLIFE SERVICE ) | |
| ) | SI |
| WILLIAM HOGARTH, Assistant Administrator ) | |
| NATIONAL MARINE FISHERIES SERVICE ) | |
| ) | 18 March 2008 |
| *Defendants* ) | |



---

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND REQUEST FOR A JURY TRIAL

---

This is an action brought by a citizen attorney general prosecuting the Defendants for

deliberately violating provisions of the Endangered Species Act and other law in regards to their

revoking the 1969 listing of the Northern Right Whale as a listed species under the Act

("1969 Right Whale Listing")[1] and their subsequent usurpation of their lawful authority by

creating and listing as endangered two new species of whales ("Phony Species") that are not

historically or currently recognized by scientific experts in taxonomy.[2] The Defendant Hogarth is

also being prosecuted for his denial of the Plaintiff's formal petition to the National Marine

Fisheries Service for it to recognize the world population of whales of the genus *Eubalaena* as a

single global species with the historically recognized common name of "Black Whale."

---

[1] The Northern Right Whale was listed as an endangered species under the 1969 Endangered
Species Act
[2] See 6 March 2008 Federal Register, NMFS' "Endangered and Threatened Species; Endangered
Status for North Pacific and North Atlantic Right Whales," 73 FR 12024.

Case 3:08-cv-01488-SI    Document 1    Filed 03/18/2008    Page 2 of 9

18 March 2008 Complaint in *Man Against eXtinction v. Director, U. S. Fish and Wildlife Service, et al.* (N. D. Cal. 2008)

2

1.	This action is brought pursuant to the provisions of the Administrative Procedures Act ("APA")[3] based in part on violations by the Defendants of the Endangered Species Act ("ESA").[4] The Plaintiff is seeking Declaratory Judgment and Injunctive Relief. The Plaintiff is seeking a jury trial on his request for declaratory judgment.

## Parties

2.	Plaintiff Man Against eXtinction is the professional *nom de Guerra* of Richard Max Strahan and the name of a business he engages in to protect endangered species of wildlife. Strahan is a citizen of the United States, a conservation scientist, and also serves as the National Campaign Director for Whale Safe USA, an environmental business that develops and implements conservation plans for endangered species of whales and sea turtles. His business address is % Man Against Extinction, Suite 195, 236 West Portal Avenue, San Francisco CA 94127.

3.	Defendant William Hogarth is employed as the Assistant Administrator of the National Marine Fisheries Service. He is being sued in his official capacity. The Defendant's current business address is % Assistant Administrator, National Marine Fisheries Service 1315 East-West Highway, Silver Springs, MD 20910.

4.	Defendant H. Dale Hall is employed as the Director of the U. S. Fish and Wildlife Service. He is being sued in his official capacity as Director of the U. S. Fish and Wildlife Service. His business address is % Director, U. S. Fish and Wildlife Service, 4401 North Fairfax Drive, Arlington, VA 22203.

---

[3] 5 U. S. C. §§ 704 – 706
[4] 16 U. S. C. §§ 1531, *et seq.*

Case 3:08-cv-01488-SI   Document 1   Filed 03/18/2008   Page 3 of 9

18 March 2008 Complaint in *Man Against eXtinction v. Director, U. S. Fish and Wildlife Service, et al.* (N. D. Cal. 2008)

3

## Jurisdiction and Standing

5.   The Court has jurisdiction over the subject matter of this action by virtue of 28 U. S. C. § 1331 (action under the laws of the United States); the Administration Procedures Act, 5 U. S. C. §§ 704 – 706; and, Declaratory Judgment Act, 28 U. S. C. §§ 2201-2202 (power to issue declaratory judgment).

6.   The Plaintiff has ample standing to prosecute the Defendants under each count raised against them in the Complaint. He is an avid whale watcher and conservation scientist who professionally conducts research on whales, licensed lobsterpot fishermen, and a professional endangered species recovery agent. The Plaintiff has standing to bring the instant civil action owing to the facts that the Defendants alleged actions currently inflict irreparable and monetary injury on the Plaintiff's ability to engage in whale watching, to engage in scientific research on whales, and on his success in developing and implementing conservation plans for Right Whales.

## Plaintiffs' Claims Against the Defendant

**Count I:**   Violation of Section 706(1) of the APA and the Endangered Species Act: the Defendants' Unlawful Revocation of the 1969 Right Whale Listing

7.   Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 6 of this Complaint.

8.   The Right Whale was listed under the ESA as an endangered species in 1969 under the 1969 Endangered Species Act.[5] The Northern Right Whale is currently considered by consensus of scientific opinion to be critically endangered as a species and the world's rarest species of large whale. This listing included the claimed southern hemisphere population, *Eubalaena australis*, the northern hemisphere population that is sometimes referred to as

---

[5] 50 C. F. R. § 17.11

Case 3:08-cv-01488-SI   Document 1   Filed 03/18/2008   Page 4 of 9

18 March 2008 Complaint in *Man Against eXtinction v. Director, U. S. Fish and Wildlife Service, et al.*   4
(N. D. Cal. 2008)

*Eubalaena glacialis,* and all other proposed species designations. The listing also recognized the historical common name for the whale as "Black Whale."

9.  On 6 March 2008, the Defendant NMFS published a final rule in the *Federal Register*— pursuant to 50 C. F. R. Part 224— delisting the Right Whale as an endangered species under the ESA ("Right Whale Delisting"). There is no basis in law or fact to justify Defendant NMFS' said delisting of the Right Whale as a federally protected endangered species. There is no question that the Right Whale is a valid biological species by the scientific community. There is no question that it is currently horrifically endangered with imminent extinction as a species in the foreseeable future.

10. As part of its decision to delist the Right Whale as an ESA protected species, Defendant NMFS unilaterally created two new species of whales which it then listed as endangered species under the ESA, a species for the Northern Right Whales in the Pacific Ocean and a separate one for the Northern Right Whales in the Atlantic Ocean ("Phony Whale Species"). The Phony Whale Species are completely fictional and Defendant NMFS has no authority under the ESA to create them, let alone any basis in scientific fact or law to proceed to do so. Defendant NMFS has no authority under the ESA or any other law to "create" a biological species. Under the ESA it is only authorized to recognize biological species of wildlife that have been already recognized to exist by organized scientific bodies in systematic biology and taxonomy.

11. The ESA authorizes Defendant USFWS to maintain and publish the list of species listed as endangered under the ESA ("ESA Species List"). See 50 C. F. R § 17. This defendant — acting in conspiracy with Defendant NMFS — has unlawfully revoked the 1969 Right Whale

Case 3:08-cv-01488-SI  Document 1  Filed 03/18/2008  Page 5 of 9

18 March 2008 Complaint in *Man Against eXtinction v. Director, U. S. Fish and Wildlife Service, et al.*  5
(N. D. Cal. 2008)

Listing from its ESA Species List. It has unlawfully added to its ESA Species List the Phony Whale Species.

12. Unless the Court grants the Plaintiff requested relief, meaningful conservation efforts for the Northern Right Whale will be irreparably destroyed because of the Defendants' Right Whale Delisting and their deliberate creation of the Phony Whale Species.

**Count II**: Violation of Section 706(1) of the APA and Section 7(a) of the Endangered Species Act: The Defendant Failure to Enter into the required Consultation Over Its Revocation of the 1973 Right Whale Listing.

13. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 of this Complaint.

14. All federal agencies have a mandatory and non-discretionary duty under Section 7 of the ESA to consult with the appropriate ESA administrative agency over any action that it takes that can possibly affect a member of an ESA listed species or the habitat for a said listed species.[6] Upon information and belief, the Defendants made no attempt to consult with the appropriate agency pursuant to the ESA's Section 7(a) over their decision to revoke the 1969 Right Whale Listing and/or their decision to then add to the ESA Species List the said two Phony Species.

15. Unless the Court grants the Plaintiff his requested relief the Defendants will never comply with their mandatory and non-discretionary duties under Section 7(a) of the ESA concerning their decision to revoke the 1969 Right Whale Listing and their decision to add the two Phony Species to the ESA Species List. The Defendants are procedurally barred from taking said actions absent their compliance with their non-discretionary and mandatory duty under

---

[6] 16 U. S. C. § 1536(a)

Case 3:08-cv-01488-SI   Document 1   Filed 03/18/2008   Page 6 of 9

18 March 2008 Complaint in *Man Against eXtinction v. Director, U. S. Fish and Wildlife Service, et al.*   6
(N. D. Cal. 2008)

Section 7(a) of the ESA. The Plaintiff is currently experiencing ongoing irreparable injury from the Defendants as a result of said failure.

      **Count III**: Violation of Section 706(2) of the APA and Section 4 of the Endangered Species Act: the Defendants' Denial of the Plaintiff's Petition to List A Global Species — Black Whale.

16. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 of this Complaint.

17. On 24 February 2007, sent an opposition to the Defendant NMFS publishing its initial proposal to revoke the 1969 Right Whale Listing and add the two Phony Species to the ESA Species List ("2007 Plaintiff's Opposition"). As part of the 2007 Plaintiff's Opposition was his petition for NMFS to recognize a single global species designation for the Right Whale and its common name as the "Black Whale" ("Black Whale Petition"). The common name Black Whale is the true historical name for that the Defendants repeatedly miscalled "Right Whales."

18. On 20 May 2007, Defendant NMFS published a notice in the *Federal Register* denying Plaintiff's Black Whale Petition.[7] The Defendant NMFS' denial of the Black Whale Petition was arbitrary and capricious and otherwise not according to law ("Petition Denial"). This defendant gave no reason for not recognizing the existance of a single global species of Black Whale, consisting of the global populations of the biological class *Eubalaena*, what it has mistakenly referred by the common name of "Right Whales." This defendant's only reason given in its Petition Denial notice was that the Plaintiff did not provide it enough "references." A lack of known references cannot be a valid claim considering that this defendant claimed that it was exhaustively reviewing all known literature on this subject in regards to its unlawful decision to revoke the 1973 Right Whale Listing. For example, there is no claim in the extant literature of

---

[7] 72 FR 29974

Case 3:08-cv-01488-SI    Document 1    Filed 03/18/2008    Page 7 of 9

18 March 2008 Complaint in *Man Against eXtinction v. Director, U. S. Fish and Wildlife Service, et al.*    7
(N. D. Cal. 2008)

any significant morphological difference between any global population of 'Right Whale." Also the claimed genetic differences of these said populations are too insignificant to justify any possible claim that these populations represent separate species.

19.     Unless the Court grants the Defendant his requested relief, the Plaintiff will be experience continual and ongoing irreparable injury from Defendant NMFS' arbitrary and capricious denial of his Black Whale Petition. He will also suffer continuing economic injury on his ability to design and implement effect conservation plans to recover the Black Whale population from its current endangered species status. Such injury threatens the Black Whale with extinction in the northern hemisphere.

Case 3:08-cv-01488-SI   Document 1   Filed 03/18/2008   Page 8 of 9

18 March 2008 Complaint in *Man Against eXtinction v. Director, U. S. Fish and Wildlife Service, et al.*   8
(N.D. Cal. 2008)

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff asks the Court for the following relief —

I. For a judgment declaring that the Defendants' Revocation of the 1969 Right Whale Listing is unlawful and done without authority under law.

II. For a judgment declaring that the Defendants' have usurped their lawful authority by adding the two Phony Species to the ESA Species List.

III. For a judgment declaring that the Defendants revocation of the 1969 Right Whale Listing and its adding the two Phony Species to the ESA species List is unlawful because in doing so they violated the ESA's Section 7(a) mandatory and non-discretionary duties impose on them by their refusing to engage in the required consultation before taking these actions.

IV. For a judgment declaring that the Defendant NMFS unlawfully considered and denied the Plaintiff's Black Whale Petition in an arbitrary and capricious manner.

V. For an order, order enjoining the Defendants from revoking the 1969 Right Whale Listing and adding the two Phony Species to the ESA Species List.

VI. For an order, order requiring the Defendants to engage in the required ESA Section 7 consultation prior to making any future decision to revoke the 1969 Right Whale Listing and/or to add the two Phony Species to the ESA Species List.

VII. For an award of the Plaintiff's direct costs of prosecution against the Defendant.

VIII. For any further relief that the Court deems appropriate.

BY:

Richard Max Strahan
236 West Portal Avenue, #195
San Francisco CA 94127
617.233.3854

*Pro Se and Proud!*

Case 3:08-cv-01488-SI   Document 1   Filed 03/18/2008   Page 9 of 9

**18 March 2008 Complaint in *Man Against eXtinction v. Director, U. S. Fish and Wildlife Service, et al.*   9
(N. D. Cal. 2008)**

## VERIFICATION OF THE COMPLAINT

I Richard Max Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this 14th of March in the year two thousand and eight.

_____
Richard Max Strahan

**JS 44** (Rev. 12/07) (cand rev 1-08)

# E-filing CIVIL COVER SHEET    SI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MAN AGAINST EXTINCTION

## DEFENDANTS
H. Dale Hall et al

**(b)** County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)
SAN FRANCISCO

County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
NON-ATTORNEY PRO SE

Attorneys (If Known)
N/A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | PERSONAL PROPERTY | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 370 Other Fraud | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 371 Truth in Lending | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | PRISONER PETITIONS | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | (893) Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | IMMIGRATION | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | 463 Habeas Corpus – Alien Detainee | | |
| | | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 USC 704-706 + 16 USC 1531 et seq
Brief description of cause:
U.S. Agency usurped Authority in ESA Listing issues

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". NONE

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE 18 March 2008    SIGNATURE OF ATTORNEY OF RECORD