IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAN AGAINST EXTINCTION, | No. C 08-01488 SI |
|     Plaintiff, | **ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**; **GRANTING PLAINTIFF'S REQUEST TO BE ALLOWED TO CONDUCT ELECTRONIC FILING** |
|   v. | |
| H. DALE HALL, et al., | |
|     Defendants. | |

On March 18, 2008, plaintiff Man Against Extinction, also known as Richard Max Strahan, filed the instant application for a temporary restraining order ("TRO"). For the foregoing reasons, the Court DENIES plaintiff's application for a TRO. In addition, the Court GRANTS plaintiff's request to be allowed to conduct electronic filings, provided he properly completes the other requirements for electronic filing.

**BACKGROUND**

Plaintiff is a self-described conservation scientist who works to protect endangered wildlife species, in particular whales and sea turtles. On March 18, 2008, he commenced this litigation against defendant William Hogarth, Assistant Administrator of the National Marine Fisheries Service, and defendant H. Dale Hall, Director of the U.S. Fish and Wildlife Service. Plaintiff's complaint alleges that defendants improperly de-listed the Northern Right Whale as a listed species under the Endangered Species Act and improperly created and listed two new species of whales in place of the Northern Right Whale. As of March 6, 2008, the new species were listed in the Federal Register as the North Pacific

Right Whale and the North Atlantic Right Whale. Now before the Court is plaintiff's application for a TRO, filed the same day as his complaint.

## LEGAL STANDARD

The standard for issuing a TRO is similar to that required for a preliminary injunction. *See L.A. Unified Sch. Dist. v. U.S. Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). Requests for injunctive relief may be satisfied by either of two sets of criteria. The "traditional" test requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting the injunction favors the public interest. *See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in his favor. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Under either test, the movant must demonstrate that there exists a significant threat of irreparable injury. *Oakland Tribune, Inc. v. Chronicle Publ'g Co., Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

## DISCUSSION

Plaintiff's application for a TRO asks the Court to enjoin defendants from de-listing the Right Whale as a listed endangered species and replacing it with the North Pacific and North Atlantic Right Whales. Plaintiff makes no showing that he meets the requirements of either the "traditional" or "alternative" test for a TRO. For example, plaintiff has put forth no argument suggesting why he is likely to succeed on the merits, why the balance of hardships favors his position, or, most importantly, why there exists a significant threat of irreparable injury if the Court does not order defendants to list the Right Whale under the Endangered Species Act rather than the North Pacific and North Atlantic Right Whales. Accordingly, the Court DENIES plaintiff's application for a TRO.

**CONCLUSION**

For all of the foregoing reasons, the Court DENIES plaintiff's application for a temporary restraining order [Docket No. 5]. In addition, the Court GRANTS plaintiff's request to be allowed to conduct electronic filings [Docket No. 4], provided he properly completes the other requirements for electronic filing.

**IT IS SO ORDERED.**

Dated: April 1, 2008

SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAN AGAINST EXTINCTION, | Case Number: CV08-01488 SI |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| H. DALE HALL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Man Against Extinction
Richard Max Strahan
236 West Portal Avenue, #195
San Francisco, CA 94127

Dated: April 2, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk