1  RONALD J. TENPAS
   Assistant Attorney General
2  Environment & Natural Resources Division
   JEAN E. WILLIAMS, Section Chief
3  LAWSON E. FITE, Trial Attorney (Oregon Bar No. 055573)
   U.S. Department of Justice
4  Environment & Natural Resources Division
   Wildlife & Marine Resources Section
5  Ben Franklin Station, P.O. Box 7369
   Washington, D.C. 20044-7369
6  Telephone: (202) 305-0217
   Facsimile: (202) 305-0217
7  Email: lawson.fite@usdoj.gov

8  <u>Attorneys for Defendants</u>

9          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10              **SAN FRANCISCO DIVISION**

11  ————————————————————— )
                              )
12  MAN AGAINST EXTINCTION, a/k/a )
    RICHARD MAX STRAHAN,      )        No. C 08-01488 SI
13                            )
              Plaintiff,      )
14        v.                  )        **NOTICE OF MOTION AND MOTION**
                              )        **TO DISMISS PURSUANT TO FED. R.**
15  H. DALE HALL, Director of the United )   **CIV. P. 12(b)(1) AND 12(b)(6)**
    States Fish and Wildlife Service, and )
16  JAMES W. BALSIGER, Acting Assistant )    Date: August 22, 2008
    Administrator for Fisheries, National Marine )
17  Fisheries Service,        )        Time:  9:00 a.m.
                              )
18            Defendants.     )        Courtroom: 10, 19th Floor
                              )
19  ————————————————————— )

20

21

22

23

24

25

26

27

28

1

<u>NOTICE</u>

2

TO THIS HONORABLE COURT AND COUNSEL FOR THE PARTIES:

3

    PLEASE TAKE NOTICE, under Civil L.R. 7-2, that on August 22, 2008, at 9:00 a.m., or

4

as soon thereafter as the matter may be heard, in the Courtroom of The Honorable Susan Illston,

5

United States District Judge, Northern District of California, at the United States Courthouse, 450

6

Golden Gate Avenue, San Francisco, California, 95814, Federal Defendants H. Dale Hall, Director

7

of the United States Fish and Wildlife Service ("FWS"), and James W. Balsiger, Acting Assistant

8

Administrator for Fisheries, National Marine Fisheries Service ("NMFS"), will argue their motion,

9

set forth below, to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

10

Rules of Civil Procedure.

11

<u>MOTION</u>

12

    Federal Defendants move to dismiss this case pursuant to Fed R. Civ. P. 12(b)(1) and

13

12(b)(6). Because all three of Plaintiff's claims are properly cognizable only under the citizen-suit

14

provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(1)(A), Plaintiff was required

15

to notify the Federal Defendants of his intent to file suit at least 60 days prior to bringing suit. 16

16

U.S.C. § 1540(g)(2)(A)(i). Because Plaintiff failed to provide proper notice, this Court lacks

17

jurisdiction over Plaintiff's claims and therefore must dismiss the Complaint under Rule 12(b)(1).

18

Additionally, Count 2 of Plaintiff's Complaint fails to state a claim upon which relief may be

19

granted, as a listing decision under Section 4 of the ESA, 16 U.S.C. § 1533, does not trigger a duty

20

to consult under Section 7 of the ESA, 16 U.S.C. § 1536. Finally, Defendant Hall must be dismissed

21

from the case pursuant to Fed. R. Civ. P. 12(b)(6) because the FWS lacks jurisdiction over the

22

species at issue here, and therefore is not a proper party to the action. This motion is based on the

23

accompanying memorandum of points and authorities; the other filings in this case; and the oral

24

arguments at hearing.

25

    WHEREFORE, Federal Defendants pray that this Court grant the Motion to Dismiss, and

26

thereby dismiss Plaintiff's Complaint.

27

28

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   STATUTORY AND REGULATORY BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Listing Under ESA Section 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    ESA Section 7 Consultation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      C.    Citizen Suits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III.  FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      A.    Plaintiff's Complaint Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            1.    Plaintiff Was Required to Provide 60-day Notice for Each Claim. . . . . . . 8

                  a.    Counts 1 Is a Citizen-Suit Claim Under 16 U.S.C.
                        § 1540(g)(1)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                  b.    Count 2 Is a Citizen-Suit Claim Under 16 U.S.C.
                        § 1540(g)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                  c.    Count 3 Is a Citizen-Suit Claim Under 16 U.S.C.
                        § 1540(g)(1)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                  d.    Plaintiff's February 2007 Letter Does Not Constitute the Required
                        Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            2.    Plaintiff May Not Evade the Notice Requirement by Bringing an ESA
                  Claim in the Guise of an APA Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            3.    This Court Lacks Jurisdiction Over Plaintiff's Claims and Must Dismiss
                  Them. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B.    Count 2 of Plaintiff's Complaint Fails to State a Claim Upon Which Relief May
            Be Granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      C.    Plaintiff Fails to State a Claim Against H. Dale Hall and the FWS. . . . . . . . . 15

VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

1

## <u>**TABLE OF AUTHORITIES**</u>

2

<u>FEDERAL CASES</u>

3

<u>Alsea Valley Alliance v. Lautenbacher</u>, No. 06-6093-HO, 2007 WL 845901 (D. Or. Mar. 14, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

4

5

<u>Amercian Rivers v. NMFS</u>, 126 F.3d 1118 (9th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>American Rivers v. NMFS</u>, 109 F.3d 1484 (9th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

6

7

<u>Association of California Water Agencies v. Evans</u>, 386 F.3d 879, 884 (9th Cir. 2004) . . . . . . . 9

<u>Basel Action Network v. Maritime Admin.</u>, 370 F. Supp. 57, 76 (D.D.C. 2005) . . . . . . . . 13

8

9

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. ___, 127 S.Ct. 1955, 1965 (2007) . . . . . . . . . . . . . 8, 16

<u>Bennett v. Spear</u>, 520 U.S. 154, 172, 173 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

10

11

<u>Bowen v. Massachusetts</u>, 487 U.S. 879, 903 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Brem-Air Disposal v. Cohen</u>, 156 F.3d 1002, 1004-05 (9th Cir. 1998) . . . . . . . . . . . . . . . . . 12

12

13

<u>Citizens Interested in Bull Run v. Edrington</u>, 781 F.Supp. 1502, 1509 (D. Or. 1991) . . . . . . . 12

<u>Douglas County v. Babbitt</u>, 48 F.3d 1495, 1505 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 14

14

15

<u>Environmental Prot. Info. Ctr. v. Simpson Timber Co.</u>, 255 F.3d 1073, 1079 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16

<u>Envirowatch v. Fukino</u>, No. 07-16-SOM-BMK, 2007 WL 1933132 at *3-4 (D. Haw. June 28, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

17

18

<u>Federation of Fly Fishers v. Daley</u>, 200 F. Supp. 2d 1181, 1185 (N.D. Cal. 2002) . . . . . . . . . . 9

<u>Forest Guardians v. Johanns</u>, 450 F.3d 455, 458 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . 6

19

20

<u>Forest Guardians v. U.S. Bureau of Reclamation</u>, 462 F. Supp. 2d 1177, 1185 (D.N.M. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

21

<u>Hallstrom v. Tillamook County</u>, 493 U.S. 20, 31 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

22

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

23

<u>Hawaii County Green Party v. Clinton</u>, 124 F.Supp.2d 1173, 1193 (D. Haw. 2000) . . . . . . . . 12

24

<u>Hawksbill Sea Turtle v. FEMA</u>, 126 F.3d 461, 464 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . 13

25

<u>Kern County Farm Bureau v. Badgley</u>, No. 02-5376-AWI-DLB, 2002 WL 34236869 at *11 (E.D. Cal. Oct. 10, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

26

27

<u>Massachusetts v. EPA</u>, 549 U.S. ___, 127 S.Ct. 1438, 1453 (2007) . . . . . . . . . . . . . . . . . . . . 16

28

McCrary v. Gutierrez, 528 F. Supp. 2d 995, 998 (N.D. Cal. 2007) . . . . . . . . . . . . . . . 10, 11, 13

National Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. ___, 127 S. Ct. 2518, 2526 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 15

Neitzke v. Williams, 490 U.S. 319, 326 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

NRDC v. Kempthorne, 539 F. Supp. 2d 1155, 1179 (E.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . 11

Oregon Natural Res. Council v. Kantor, 99 F.3d 334, 338 n.1 (9th Cir. 1996) . . . . . . . . . . . . 15

Oregon Natural Res. Council v. U.S. Forest Serv., 834 F.2d 842, 851 (9th Cir. 1987) . . . . . . . 12

Pacific Legal Found. v. Andrus, 657 F.2d 829, 836 (6th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . 14

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Seattle Audubon Soc'y v. Moseley, 798 F. Supp. 1473, 1483 (W.D. Wash. 1992), aff'd, Seattle Audubon Soc'y v. Espy, 998 F.2d 699 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

South Yuba River Citizens League v. NMFS, No. 06-2845-LKK-JFM, 2007 WL 3034887 at *8 (E.D. Cal. Oct. 16, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Southwest Ctr. for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515, 520 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 12, 13

Strahan v. New England Aquarium, 25 Fed. Appx. 7, 10 (1st Cir. 2002) . . . . . . . . . . . . . . . . 13

Tennessee Valley Auth. v. Hill, 437 U.S. 153, 180 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14

Washington Toxics Coal. v. EPA, 413 F.3d 1024, 1034 (9th Cir. 2005) . . . . . . . . . . . . . . . . . 10

Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 7

Zands v. Nelson, 779 F. Supp. 1254, 1258 (S.D. Cal. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

FEDERAL STATUTES

5 U.S.C. § 553(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

16 U.S.C. § 1532(20) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 1532(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 1533 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

16 U.S.C. § 1533(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

16 U.S.C. § 1533(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 15

16 U.S.C. § 1533(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 1533(b)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 1533(b)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. § 1533(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

16 U.S.C. § 1536 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

16 U.S.C. § 1536(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14

16 U.S.C. § 1536(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

16 U.S.C. § 1540(g)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 9, 10

16 U.S.C. §§ 1531-1544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

16 U.S.C. §§ 1532(15) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

16 U.S.C. §§ 1533(b)(4)-(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. §§ 1533(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 U.S.C. §§ 1540(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16 U.S.C. § 1540(g)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 10

16 U.S.C. § 1540(g)(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

42 U.S.C. § 4331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

FEDERAL REGULATIONS

50 C.F.R § 402.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

50 C.F.R. § 224.101(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16

50 C.F.R. § 402.01(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

50 C.F.R. § 402.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

50 C.F.R. § 402.13(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

50 C.F.R. § 402.14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

50 C.F.R. § 402.14(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

50 C.F.R. § 424.11(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

50 C.F.R. § 424.14(b)(1) .................................................... 3, 4

50 C.F.R. § 424.14(b)(2) .................................................... 4

50 C.F.R. § 424.14(b)(3) .................................................... 3

1  RONALD J. TENPAS
   Assistant Attorney General
2  Environment & Natural Resources Division
   JEAN E. WILLIAMS, Section Chief
3  LAWSON E. FITE, Trial Attorney (Oregon Bar No. 055573)
   U.S. Department of Justice
4  Environment & Natural Resources Division
   Wildlife & Marine Resources Section
5  Ben Franklin Station, P.O. Box 7369
   Washington, D.C. 20044-7369
6  Telephone: (202) 305-0217
   Facsimile: (202) 305-0217
7  Email: lawson.fite@usdoj.gov

8  Attorneys for Defendants

9              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                    SAN FRANCISCO DIVISION

11 _____
                                      )
12 MAN AGAINST EXTINCTION, a/k/a      )    No. C 08-01488 SI
   RICHARD MAX STRAHAN,               )
13                                    )
              Plaintiff,              )
14                                    )    MEMORANDUM IN SUPPORT OF
        v.                            )    FEDERAL DEFENDANTS' MOTION
15                                    )    TO DISMISS PURSUANT TO FED. R.
   H. DALE HALL, Director of the United )  CIV. P. 12(b)(1) AND 12(b)(6)
16 States Fish and Wildlife Service, and )
   JAMES W. BALSIGER, Acting Assistant )   Date: August 22, 2008
17 Administrator for Fisheries, National Marine )
   Fisheries Service,                 )    Time:  9:00 a.m.
18                                    )
              Defendants.             )    Courtroom: 10, 19th Floor
19 _____)

20 I.    INTRODUCTION

21        Federal Defendants in this action, H. Dale Hall, Director of the United States Fish & Wildlife

22 Service ("FWS"), and James W. Balsiger, Acting Administrator for Fisheries, National Marine

23 Fisheries Service ("NMFS"),[1] hereby provide points and authorities in support of their motion to

24 dismiss Plaintiff's Complaint ("Compl.") pursuant to rules 12(b)(1) and 12(b)(6) of the Federal

25 Rules of Civil Procedure.  This Court lacks jurisdiction over Plaintiff's claims because Plaintiff

26

27 _____

28 [1] James W. Balsiger is substituted pursuant to Fed. R. Civ. P. 25(d) for his predecessor, William T.
   Hogarth.

failed to provide the required 60 days' notice before bringing suit, which is a jurisdictional prerequisite under the Endangered Species Act ("ESA"). Indeed, in one instance Plaintiff has brought suit only 12 days after the challenged decision, such that 60 days' notice was impossible. Even if this Court had jurisdiction, Plaintiffs' second claim should be dismissed under Rule 12(b)(6) because, as a matter of law, ESA Section 7 consultation is not required in connection with ESA Section 4 listing decisions. Finally, under Rule 12(b)(6), Plaintiff's claims must be dismissed as against Defendant Hall and FWS because the FWS does not administer the ESA with respect to the whale species that are the subject of the Complaint.

## II.    STATUTORY AND REGULATORY BACKGROUND

This case concerns the decision of the National Marine Fisheries Service that right whales in the North Atlantic and North Pacific Oceans should be listed as distinct endangered species. Prior to 2008, right whales in the Northern Hemisphere were listed as one endangered species. The Plaintiff in this action, Richard Max Strahan, or Man Against Extinction, brings claims relating to this listing decision. Plaintiff asserts that NMFS's listing decision is in violation of Section 4 of the ESA, asserts that NMFS has violated Section 7 of the ESA by failing to consult on the listing decision, and brings a challenge under ESA Section 4 to NMFS's 90-day finding on Plaintiff's petition to list one global species of right whale.

### A.    Listing Under ESA Section 4

The Endangered Species Act, 16 U.S.C. §§ 1531-1544, "is intended to protect and conserve endangered and threatened species and their habitats." National Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. ___, 127 S. Ct. 2518, 2526 (2007). Section 4 of the ESA directs

the Secretary[2] to determine which species should be listed as endangered or threatened.[3] 16 U.S.C. § 1533. A species may be "listed" as endangered or threatened either on the initiative of the Secretary through the "candidate process" or as a result of the "petition process." Once the species is listed, it enjoys a variety of legal protections. 16 U.S.C. §§ 1533(d), 1536, 1538; see also Tennessee Valley Auth. (TVA) v. Hill, 437 U.S. 153, 180 (1978).

Any "interested person" may initiate the listing process by filing a listing petition. 16 U.S.C. § 1533(b)(3); 5 U.S.C. § 553(e). NMFS must, within 90 days, "[t]o the maximum extent practicable," determine whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A); see also 50 C.F.R. § 424.14(b)(1). If this "90-day finding" is positive, then NMFS has 12 months from the date of the petition to determine whether the species will be listed. 16 U.S.C. § 1533(b)(3)(B). To list a species NMFS must follow the rulemaking procedures described in 16 U.S.C. §§ 1533(b)(4)-(6). A "negative" 90-day finding ends the process, and the ESA authorizes judicial review of such a finding. 16 U.S.C. § 1533(b)(3)(C)(ii).[4]

NMFS regulations define "substantial information" as "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be

---

[2] Section 4 of the ESA provides that the Secretary of Commerce is responsible for administering the ESA with respect to whales. See 16 U.S.C. §§ 1532(15), 1533(a)(2); 50 C.F.R. § 402.01(b). The Secretary has delegated this authority to NMFS. The species at issue in this case – the North Atlantic right whale and North Pacific right whale – are under the jurisdiction of NMFS. 50 C.F.R. § 224.101(b).

[3] The ESA states that a species is endangered if it is "in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A species is threatened if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(20).

[4] Where a positive initial finding is made, the Secretary has one year from the receipt of the petition to undertake a status review and to issue a "12-month finding." 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3). The 12-month finding must be either that the petitioned action is "warranted," "not warranted," or "warranted but precluded" by other priorities. Id.

warranted." 50 C.F.R. § 424.14(b)(1). The regulations further specify four factors for the Service's consideration, namely whether the petition:

(i)     Clearly indicates the administrative measure recommended and gives the scientific and any common name of the species involved;

(ii)    Contains detailed narrative justification for the recommended measure, describing, based on available information, past and present numbers and distribution of the species involved and any threats faced by the species;

(iii)   Provides information regarding the status of the species over all or a significant portion of its range; and

(iv)    Is accompanied by appropriate supporting documentation in the form of bibliographic references, reprints of pertinent publications, copies of reports or letters from authorities, and maps.

50 C.F.R. § 424.14(b)(2).

Pursuant to section 4(a)(1) of the ESA, the Secretary lists a species that he determines to be threatened or endangered because of one or more of five statutory factors, any one of which is sufficient to support a listing determination.[5] NMFS must make a listing determination "solely on the basis of the best scientific and commercial data available to [it] after conducting a review of the status of the species and after taking into account" existing efforts to protect the species. 16 U.S.C. § 1533(b)(1)(A); see also 50 C.F.R. § 424.11(b), (f).

**B.    ESA Section 7 Consultation**

Section 7(a)(2) of the ESA prohibits federal agencies from taking any action that is likely to "jeopardize the continued existence of any endangered species or threatened species. . . ." 16 U.S.C. § 1536(a)(2). To achieve this objective, the ESA requires federal agencies to consult with the FWS or NMFS whenever a federal action "may affect" an endangered or threatened species. 50 C.F.R. § 402.14(a). The procedure for "formal consultation" is described at length at 50 C.F.R. § 402.14. Formal consultation generally culminates in the issuance of a "biological opinion" by FWS

---

[5] The factors are: (A) the present or threatened destruction, modification, or curtailment of its habitat or range; (B) overutilization for commercial, recreational, scientific, or educational purposes; (C) disease or predation; (D) the inadequacy of existing regulatory mechanisms; or (E) other natural or manmade factors affecting its continued existence. 16 U.S.C. § 1533(a)(1).

1  or NMFS which advises the action agency whether jeopardy is likely to occur for any listed species

2  and, if so, whether "reasonable and prudent alternatives" exist to avoid a jeopardy situation.

3      There are two criteria that trigger the requirements for consultation. First, the action agency

4  must have reason to believe "that an endangered species or a threatened species may be present in

5  the area affected by [its] project. . . ." 16 U.S.C. § 1536(a)(3). The action agency must also have

6  reason to believe "that implementation of such action will likely affect such species." Id. Thus, if

7  the action agency determines that a listed species "may be present" and that the action "may affect"

8  a listed species, it must initiate formal consultation with the FWS or NMFS, unless the FWS or

9  NMFS concurs with the action agency's finding that the action is "not likely to adversely affect" a

10 listed species. 50 C.F.R. § 402.13(b).

11     The ESA's implementing regulations also recognize the use of "informal consultation" to

12 assist an action agency in determining whether and when further consultation is necessary. The

13 process of informal consultation—discussions and correspondence between the wildlife agency

14 (FWS or NMFS) and the action agency or its designated representative— allows the wildlife agency

15 to assist the action agency in determining whether an action will adversely affect a threatened or

16 endangered species. If a federal agency determines, with written concurrence of FWS or NMFS that

17 the action "is not likely to adversely affect listed species or critical habitat, the consultation process

18 is terminated, and no further action is necessary." 50 C.F.R. § 402.13. In other words, if the action

19 agency determines its action is not likely to adversely affect listed species and obtains written

20 concurrence from the FWS, the agency has fulfilled its obligations under ESA section 7 and there

21 is no need for formal consultation. Forest Guardians v. Johanns, 450 F.3d 455, 458 (9th Cir. 2006).

22     **C.    Citizen Suits**

23     Primary responsibility for enforcement and implementation of the ESA is entrusted to

24 officials of the Federal Government. See, e.g., 16 U.S.C. §§ 1540(a), (b), and (e)(6). The Act also

25 contains a provision authorizing citizen enforcement suits allowing any person to commence a civil

26 suit "to enjoin any person, including the United States and any other governmental instrumentality

27

28

1   or agency . . . who is alleged to be in violation of any provision of [the Act] or regulation issued

2   under the authority thereof...."  16 U.S.C. § 1540(g)(1)(A).     A citizen suit under Section

3   1540(g)(1)(A) may not be commenced "prior to sixty days after written notice of the violation has

4   been given to the Secretary, and to any alleged violator of any such provision or regulation."  16

5   U.S.C. § 1540(g)(2)(A)(i).  The Act further permits a citizen-suit "against the Secretary where there

6   is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which

7   is not discretionary with the Secretary."  16 U.S.C. § 1540(g)(1)(C).  Such suit is prohibited "prior

8   to sixty days after written notice has been given to the Secretary."  16 U.S.C. § 1540(g)(2)(C).  The

9   60-day notice requirement is a mandatory, jurisdictional prerequisite to suit.  Hallstrom v. Tillamook

10  County, 493 U.S. 20, 31 (1989); Southwest Ctr. for Biological Diversity v. U.S. Bureau of

11  Reclamation, 143 F.3d 515, 520 (9th Cir. 1998).

12  **III.     FACTUAL AND PROCEDURAL BACKGROUND**

13          All species of right whale (members of the genus *Eubalaena*) were listed as endangered in

14  1970 pursuant to the Endangered Species and Conservation Act of 1969.  35 Fed. Reg. 8,491, 8,495

15  (June 2, 1970).  In August 2005, NMFS received a petition from the Center for Biological Diversity

16  requesting that the agency consider listing the North Pacific right whale as a separate species on the

17  basis of newly discovered genetic data. After following the review process set forth in section 4(b)

18  of the ESA, NMFS proposed in December 2006 to list the North Atlantic right whale, *Eubalaena*

19  *glacialis*, and the North Pacific right whale, *Eubalaena japonica*, as separate endangered species.

20  NMFS published a final rule listing both species on March 6, 2008, stating that "new genetic data

21  now provide unequivocal support to distinguish three right whale lineages as separate phylogenetic

22  species."  73 Fed. Reg. 12,024, 12,026 (Mar. 6, 2008).  The rule became effective April 7, 2008.

23  Id.

24          Plaintiff submitted a petition to NMFS in March 2007 requesting that the agency list all

25  species of right whale as one global species named "black whale."  NMFS determined that the

26  petition failed to present "substantial scientific or commercial information indicating the listing of

27

28  No. C 08-1488 SI
    Defendants' Memorandum in Support of Motion to Dismiss                                      - 6 -

the global populations of right whales as a single species may be warranted," and accordingly issued a negative 90-day finding on the petition. 72 Fed. Reg. 29,973, 29,974 (May 30, 2007). NMFS also addressed Plaintiff's petition in the final listing rule for the two whale species, and again specifically rejected the suggestion that right whales should be listed as one global species. 73 Fed. Reg. at 12,026. This action was filed March 18, 2008. Plaintiff challenges the listing rule for the North Atlantic and North Pacific right whales, challenges NMFS's negative 90-day finding on his petition, and asserts that NMFS has violated Section 7 of the ESA in regard to the listing rule. Concurrently with filing the Complaint, Plaintiff moved for a temporary restraining order enjoining the final rule listing the North Atlantic and North Pacific right whales. Doc. No. 5, filed Mar. 18, 2008. This Court denied the motion on April 1, 2008. Doc. No. 8.

## IV.    STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a federal court to dismiss a claim that does not fall within the court's subject matter jurisdiction. Where a motion to dismiss under Rule 12(b)(1) makes a facial attack on the complaint, asserting that the complaint's allegations fail to establish subject matter jurisdiction as a matter of law, the court "take[s] the allegations in the plaintiff's complaint as true." Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005) (citing Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004)). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326 (1989). When reviewing a motion under Rule 12(b)(6), a court is confined to reviewing the allegations pleaded in the complaint and must accept those allegations as true, resolving any factual issues in a light most favorable to the nonmovant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982). In order for a complaint to survive a 12(b)(6) motion, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965 (2007). A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

1    **V.    ARGUMENT**

2        **A.    Plaintiff's Complaint Should Be Dismissed.**

3        For each of Plaintiff's three claims for relief, the ESA requires that Plaintiff give 60 days'

4    notice before bringing suit.  In each case, however, Plaintiff has failed to do so.  Thus this Court

5    lacks jurisdiction over the case at bar and should dismiss the Complaint.

6            **1.    Plaintiff Was Required to Provide 60-day Notice for Each Claim.**

7                **a.    Counts 1 Is a Citizen-Suit Claim Under 16 U.S.C. § 1540(g)(1)(C).**

8        Count 1 of Plaintiff's Complaint challenges NMFS's final rule listing the North Atlantic and

9    North Pacific right whales as separate species.  Plaintiff alleges that NMFS "has no authority under

10   the ESA" to take this action and that NMFS has acted without "any basis in scientific fact or law"

11   in listing the two species.  Compl. ¶ 10.  Plaintiff thus alleges that NMFS has violated its non-

12   discretionary duty, pursuant to Section 4 of the ESA, to make listing decisions solely on the basis

13   of the "best scientific and commercial data available."  16 U.S.C. § 1533(b)(1)(A).  This claim is

14   an ESA citizen suit for which 60-day notice is required.

15       Specifically, a claim that asserts that an agency has failed to use the "best scientific and

16   commercial data available" in making a determination under Section 4 is properly cognizable only

17   under the ESA's nondiscretionary citizen-suit provision, 16 U.S.C. § 1540(g)(1)(C).   In Bennett

18   v. Spear, the Supreme Court held that a claim was a citizen suit where the claim alleged that "the

19   [agency] implicitly determine[d] critical habitat without complying with the mandate of § 1533(b)(2)

20   that the Secretary 'tak[e] into consideration the economic impact, and any other relevant impact, of

21   specifying any particular area as critical habitat.'" 520 U.S. 154, 172 (quoting 16 U.S.C. §

22   1533(b)(2)).  The Court held that the ESA established nondiscretionary procedures for Section 4

23   decisions and established a "categorical requirement that, in arriving at [its] decision," the agency

24   "use 'the best scientific data available.'"  Id.  Similarly, the Ninth Circuit held in Association of

25   California Water Agencies v. Evans, 386 F.3d 879, 884 (9th Cir. 2004) ("ACWA"), that a challenge

26   to a final critical habitat rule is an ESA citizen suit.  Because, like the suits in Bennett and ACWA,

27

28   No. C 08-1488 SI
     Defendants' Memorandum in Support of Motion to Dismiss                              - 8 -

1    Count 1 alleges violation of nondiscretionary agency duties under ESA Section 4, Plaintiff is

2    required to comply with the notice requirement of the citizen-suit provision, and has failed to do so.

3        Moreover, this Court has previously held that a challenge to a final listing rule is an ESA

4    citizen suit under 16 U.S.C. § 1540(g)(1)(C). <u>Federation of Fly Fishers v. Daley</u>, 200 F. Supp. 2d

5    1181, 1185 (N.D. Cal. 2002).  Accordingly, NMFS was under a non-discretionary duty when it

6    issued the final rule listing the North Atlantic and North Pacific right whales, and any challenge to

7    the rule must be preceded by 60-day notice.  Because Plaintiff has failed to provide such notice,

8    Count 1 must be dismissed.

9        **b.**     **Count 2 Is a Citizen-Suit Claim Under 16 U.S.C. § 1540(g)(1)(A).**

10       Plaintiff's second claim alleges that NMFS has violated Section 7 of the ESA by not

11   initiating consultation (with itself) regarding the decision to list the Northern right whale as two

12   separate species.  Compl. ¶¶ 13-15.  Plaintiff specifically alleges that NMFS is in violation of its

13   "mandatory and non-discretionary duty under Section 7 of the ESA to consult with the appropriate

14   ESA administrative agency."  Compl. ¶ 14.[6]  This claim is an ESA citizen-suit under section

15   11(g)(1)(A) of the ESA, and Plaintiff was therefore required to give 60 days' notice before bringing

16   the claim.  Because Plaintiff indisputably failed to do so, the claim must be dismissed.

17       Section 11(g)(1)(A) of the ESA provides that a citizen suit may be brought "to enjoin any

18   person, including the United States. . . who is alleged to be in violation of any provision of this

19   chapter or regulation issued under the authority thereof." 16 U.S.C. § 1540(g)(1)(A). A claim that

20   an action agency has failed to comply with the terms of ESA Section 7 is cognizable only under this

21   provision of the ESA.  Specifically, when a plaintiff brings a claim alleging that a government

22   agency has impermissibly failed to initiate or reinitiate Section 7 consultation, the claim is an ESA

23   citizen suit.  <u>Washington Toxics Coal. v. EPA</u>, 413 F.3d 1024, 1034 (9th Cir. 2005) (holding that

24

25   _____

     [6] Defendants note that section 11(g)(1)(C) of the ESA applies only to nondiscretionary duties within
26   "section 1533 of this title," that is, Section 4 of the ESA.  Thus an allegation of a violation of a duty
     in Section 7 is not cognizable under Section 11(g)(1)(C).
27

     No. C 08-1488 SI
28   Defendants' Memorandum in Support of Motion to Dismiss                                    - 9 -

1    claim seeking to compel EPA to initiate consultation was ESA citizen suit); Environmental Prot.

2    Info. Ctr. v. Simpson Timber Co., 255 F.3d 1073, 1079 (9th Cir. 2001) (holding that claim seeking

3    to compel FWS to reinitiate consultation was ESA citizen suit, and noting that in Bennett v. Spear

4    "the Court expressly recognized that citizen suits are a permissible means to enforce the substantive

5    provisions of the ESA against regulated parties-including government agencies like the FWS in its

6    role as the action agency.").

7                    c.    **Count 3 Is a Citizen-Suit Claim Under 16 U.S.C. § 1540(g)(1)(C).**

8            Count 3 alleges that NMFS's negative 90-day finding violates Section 4 of the ESA.

9    Plaintiff alleges that "Defendant NMFS' denial of the Black Whale Petition was arbitrary and

10   capricious and otherwise not according to law," and asserts that "the claimed genetic differences of

11   these said violations are too insignificant to justify any possible claim that these populations

12   represent separate species." Compl. ¶ 18.  Again, Plaintiff alleges that NMFS has violated its

13   nondiscretionary duty to use the best scientific and commercial data available in making a

14   determination under Section 4 of the ESA.  As demonstrated above, such a challenge to an agency

15   decision under Section 4 of the ESA is a citizen suit under Bennett and ACWA.  Thus, Plaintiff was

16   required to notify NMFS 60 days before filing suit, and has failed to do so.

17          Indeed, a court in this District recently held that a claim challenging a 90-day finding is an

18   ESA citizen suit requiring 60-day notice.  McCrary v. Gutierrez, 528 F. Supp. 2d 995, 998 (N.D.

19   Cal. 2007).  In McCrary, the plaintiff presented a challenge to NMFS's negative 90-day finding on

20   his petition to delist a portion of the range of the Central California coho (silver) salmon. Id. at 997.

21   McCrary alleged that NMFS's denial of his petition "was arbitrary, capricious, and contrary to law

22   in violation of the APA."  Id. at 998.  The McCrary court held that, under ACWA, "the subject

23   matter of Plaintiff's sole cause of action falls within the citizen suit provision of the ESA," and

24   therefore the court lacked jurisdiction over the case because the plaintiff had failed to perform the

25   required notice.  Id. at 999.  In the present case, because Plaintiff has failed to provide 60-day notice

26   Plaintiff's third claim should likewise be dismissed because this Court lacks jurisdiction over it.

27

28

### d. Plaintiff's February 2007 Letter Does Not Constitute the Required Notice.

Plaintiff may assert that a letter of February 24, 2007, which is attached as Exhibit 1, suffices as the requisite notice. This letter is insufficient because it was sent before any of the alleged violations occurred. The 90-day finding was made on May 30, 2007, and the whale listing on March 6, 2008. Courts have consistently held that a party cannot provide "prospective" or "anticipatory" notice of a violation; instead, a notice is only effective if given <u>after</u> the date of the action challenged. <u>American Rivers v. NMFS,</u> 109 F.3d 1484 (9th Cir.1997), <u>amended and superseded by</u> <u>American Rivers v. NMFS</u>, 126 F.3d 1118 (9th Cir.1997); <u>NRDC v. Kempthorne</u>, 539 F. Supp. 2d 1155, 1179 (E.D. Cal. 2008); <u>Kern County Farm Bureau v. Badgley</u>, No. 02-5376-AWI-DLB, 2002 WL 34236869 at *11 (E.D. Cal. Oct. 10, 2002); <u>South Yuba River Citizens League v. NMFS</u>, No. 06-2845-LKK-JFM, 2007 WL 3034887 at *8 (E.D. Cal. Oct. 16, 2007). This is in line with the purpose of the notice provision to give the parties time to compromise before entering litigation. A party cannot reasonably assume it will be aggrieved by agency action until the action has actually occurred. Especially where a petition is concerned, prospective notice served <u>with</u> the petition would impermissibly read the 60-day notice provision out of the statute. Accordingly, Plaintiff's letter of February 24, 2007 cannot save his claims from dismissal.

Even if the letter were deemed valid notice, the letter was sent on behalf of GreenWorld, not on behalf of the present Plaintiff, Man Against Extinction, or Richard Max Strahan. Accordingly, because the notice provision must be strictly construed, this letter would be insufficient even if timely. <u>Alsea Valley Alliance v. Lautenbacher</u>, No. 06-6093-HO, 2007 WL 845901 (D. Or. Mar. 14, 2007) (holding that plaintiff-intervenor may not rely on original plaintiff's notice). Likewise, because Plaintiff's letter does not mention ESA Section 7, even if it were timely, it could not serve as proper notice for Count 2. <u>Southwest Ctr. for Biological Diversity v. U.S. Bureau of Reclamation</u>, 143 F.3d 515, 521 n.2 (9th Cir. 1998) (holding that notice provision is strictly construed and that notice letter must give "notice of the actual violation relied on in issuing the complaint").

### 2. Plaintiff May Not Evade the Notice Requirement by Bringing an ESA Claim in the Guise of an APA Claim.

As shown above, Plaintiff's claims fall within the framework of the ESA citizen-suit provision even though they are pled under the APA. Accordingly 60-day notice is a jurisdictional prerequisite to suit. Because Plaintiff has not provided this notice, this Court lacks jurisdiction over Plaintiff's claims no matter how they are pled. The APA independently provides for review only of "final agency action for which there is no other adequate remedy in a court," 5 U.S.C. § 704. Thus, "a particular claim may only be brought either under the APA or the ESA–a plaintiff may not cho[o]se her statutory weapon." Hawaii County Green Party v. Clinton, 124 F. Supp. 2d 1173, 1193 (D. Haw. 2000); Bennett v. Spear, 520 U.S. at 173.

As the Supreme Court has stated, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." Bowen v. Massachusetts, 487 U.S. 879, 903 (1988); Oregon Natural Res. Council v. U.S. Forest Serv., 834 F.2d 842, 851 (9th Cir. 1987) ("Where plaintiffs may otherwise proceed under the citizen suit provision [of the Clean Water Act], they should not be allowed to bypass the explicit requirements of the Act established by Congress through resort to . . . the APA"); Brem-Air Disposal v. Cohen, 156 F.3d 1002, 1004-05 (9th Cir. 1998) (finding court lacks jurisdiction over APA challenges because Congress has provided an "adequate remedy" through the RCRA citizen-suit provision); Citizens Interested in Bull Run v. Edrington, 781 F. Supp. 1502, 1509 (D. Or. 1991) ("plaintiffs may not circumvent the notice requirement of the ESA by merely re-styling their claims to fit within the APA"); McCrary, 528 F. Supp. 2d at 998 (same).[7]

---

[7] Decisions interpreting the CWA and RCRA citizen-suit provisions are helpful in the present case because those provisions are similarly worded to the ESA's citizen-suit provision and because the notice requirements in all the statutes serve similar policy goals.

1
2

### 3.    This Court Lacks Jurisdiction Over Plaintiff's Claims and Must Dismiss Them.

3

The only remedy for defective notice is dismissal.  The Ninth Circuit has held that "[t]his

4

sixty day notice requirement is jurisdictional," and that "failure to strictly comply with the notice

5

requirement acts as an absolute bar to bringing suit under the ESA." Southwest Ctr., 143 F.3d at 520

6

(9th Cir. 1998)(citations omitted).  Indeed, if the plaintiff in an ESA suit fails to comply with the

7

notice requirement, then the court has "no choice but to dismiss the complaint . . . for lack of subject

8

matter jurisdiction."  Id. at 522; Hallstrom v. Tillamook County, 493 U.S. 20, 32 (1989) (requiring

9

dismissal "after years of litigation and a determination on the merits"); Hawksbill Sea Turtle v.

10

FEMA, 126 F.3d 461, 464 (3d Cir. 1997) (dismissing suit where plaintiff notified Secretary of the

11

Interior, who had jurisdiction over sea turtles while on land, but where plaintiff failed to notify

12

Secretary of Commerce, who had jurisdiction over sea turtles while in the water).

13

Because the notice period is jurisdictional, it may not be tolled or otherwise equitably

14

relieved.  Southwest Ctr., 143 F.3d at 520 (notice provision cannot be given a "flexible or pragmatic

15

construction").  Accordingly, defective notice cannot be cured after suit has been filed. Envirowatch

16

v. Fukino, No. 07-16-SOM-BMK, 2007 WL 1933132 at *3-4 (D. Haw. June 28, 2007); Forest

17

Guardians v. U.S. Bureau of Reclamation, 462 F. Supp. 2d 1177, 1185 (D.N.M. 2006); Basel Action

18

Network v. Maritime Admin., 370 F. Supp. 2d 57, 76 (D.D.C. 2005); Zands v. Nelson, 779 F. Supp.

19

1254, 1258 (S.D. Cal. 1991). Even if a pro se plaintiff were entitled to relief from the notice

20

provision, the present Plaintiff is well aware of this requirement and its application, and therefore

21

would not be entitled to any such relief.  See Strahan v. New England Aquarium, 25 Fed. Appx. 7,

22

10 (1st Cir. 2002) (affirming dismissal of claim for failure to submit 60-day notice letter).

23

### B.    Count 2 of Plaintiff's Complaint Fails to State a Claim Upon Which Relief May Be Granted.

24

Even if this Court had jurisdiction over Plaintiff's Complaint, Plaintiff's second claim should

25

be dismissed under Rule 12(b)(6) for failure to state a claim.  ESA Section 7 consultation is not

26

required for ESA Section 4 listing decisions, and therefore, even taking the allegations in Plaintiff's

27
28

1    complaint as true, Count 2 fails to state a claim upon which relief can be granted.

2        Count 2 alleges that NMFS and FWS have violated "mandatory and discretionary duties

3    under Section 7(a) of the ESA concerning their decision to revoke the 1969 Right Whale Listing and

4    their decision to add the two Phony Species to the ESA Species List." Compl. ¶ 15.  Thus, Plaintiff

5    asserts that NMFS and FWS were required to initiate consultation on the decision to list the northern

6    right whale as two species.  Plaintiff's claim is foreclosed by the plain text of the ESA.

7        Section 7(a)(2) of the ESA requires each federal agency to "insure that any action authorized,

8    funded, or carried out" by the agency "is not likely to jeopardize the continued existence of any

9    endangered species or threatened species."  16 U.S.C. § 1536(a)(2).  Plainly, then, Section 7

10   protections apply only if a species is listed pursuant to Section 4.  Id.  The listing determination,

11   therefore, is purely administrative and cannot result in negative effects on a species.  Thus a decision

12   to list or delist cannot be subject to the consultation requirement, because the listing decision

13   determines whether consultation is ever required for that species; otherwise, administration of the

14   Act would become circular.  Because the statute is clear, no further inquiry is required.  TVA v. Hill,

15   437 U.S. 153, 184 n.29 (1978).

16       Similarly, the Ninth Circuit held in Douglas County v. Babbitt, 48 F.3d 1495, 1505 (9th Cir.

17   1995), that preparation of an environmental impact statement ("EIS") under the National

18   Environmental Policy Act ("NEPA") was not required when an agency designated critical habitat

19   for the northern spotted owl under Section 4 of the ESA.  NEPA requires that an agency prepare an

20   EIS for every "major Federal action[] significantly affecting the quality of the human environment."

21   42 U.S.C. § 4332.  The court held that "the NEPA procedures do not apply to federal actions that

22   do nothing to alter the natural physical environment."  Id.  "If the purpose of NEPA is to protect the

23   physical environment, and the purpose of preparing an EIS is to alert agencies and the public to

24   potential adverse consequences to the land, sea or air, then an EIS is unnecessary when the action

25   at issue does not alter the natural, untouched physical environment at all."  Id.; see also Pacific Legal

26   Found. v. Andrus, 657 F.2d 829, 836 (6th Cir. 1981) (holding that NEPA does not require an EIS

27

28

for listing decisions, and stating "the statutory mandate of ESA prevents the Secretary from considering the environmental impact when listing a species as endangered or threatened."). Cf. Seattle Audubon Soc'y v. Moseley, 798 F. Supp. 1473, 1483 (W.D. Wash. 1992) (holding that decision under Section 4 to designate critical habitat "does not in itself invoke any management program"), aff'd, Seattle Audubon Soc'y v. Espy, 998 F.2d 699 (9th Cir. 1993).  In the present case, the purpose of the ESA is to prevent extinction of listed species; a decision as to how to classify or list a species is a reflection of the status of the species, not a determinant, and has no physical effect on the species.  This is particularly true with the decision challenged here, where both species of northern right whale continue to be listed as endangered.  Accordingly, NMFS cannot be required to consult pursuant to Section 7 regarding its decision to list the North Atlantic and North Pacific right whales as separate endangered species

Moreover, as described above, NMFS is obligated to list a species under Section 4 if the best available scientific and commercial data indicates that the species is endangered or threatened.  16 U.S.C. § 1533(b)(1)(A).  Consultation cannot be required when the action is one over which the agency does not retain discretion or control.  50 C.F.R § 402.03;  National Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. ___, 127 S. Ct. 2518, 2534-35 (2007) (upholding the regulation as a reasonable interpretation of the ESA under the framework of Chevron v. NRDC, 467 U.S. 837 (1984)).  Therefore, even if this Court has jurisdiction over the case, Plaintiff's second claim for relief must be dismissed for failure to state a claim upon which relief can be granted.

### C.    Plaintiff Fails to State a Claim Against H. Dale Hall and the FWS.

North Atlantic and North Pacific right whales – and in fact all whales listed under the ESA – are under the sole jurisdiction of NMFS.  50 C.F.R. § 224.101(b);  Oregon Natural Res. Council v. Kantor, 99 F.3d 334, 338 n.1 (9th Cir. 1996); Reorganization Plan No. 4 of 1970, 84 Stat. 2090, 5 U.S.C. Appendix 1 (transferring authority from the Secretary of the Interior to the Secretary of Commerce).  NMFS is the agency that issued the listing rule and the 90-day finding that Plaintiff challenges.  NMFS is the agency that Plaintiff alleges has violated Section 7 of the ESA.  Compl.

1  ¶ 14.  Accordingly, Plaintiff cannot state a claim against Defendant H. Dale Hall and the FWS that

2  is "plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1974 (2007).

3       Plaintiff alleges that FWS has acted in concert with NMFS by altering the List of Endangered

4  and Threatened Fish and Wildlife to include the North Atlantic and North Pacific right whales as

5  separate species.  Compl. ¶ 11.  This allegation does not save Plaintiff's Complaint from dismissal.

6  When NMFS determines that listing a species is warranted, the ESA requires that FWS include the

7  species on the list.  16 U.S.C. § 1533(c)(1) ("The Secretary of the Interior shall publish in the

8  Federal Register a list of all species determined by him or the Secretary of Commerce to be

9  endangered species and . . . threatened species").  This publication is purely ministerial and allows

10 for no exercise of independent judgment on the part of the Secretary of the Interior.  Accordingly,

11 even taking Plaintiff's allegations as true, FWS cannot have taken any action that could lead to a

12 claim for relief.

13      Alternatively, the ministerial nature of the list indicates that any injury is not fairly traceable

14 to FWS, and that FWS is unable to redress Plaintiff's claims.  Therefore Plaintiff would lack Article

15 III standing against FWS as a matter of law.  Massachusetts v. EPA, 549 U.S. ___, 127 S.Ct. 1438,

16 1453 (2007) (litigant "must [establish] that . . . the injury is fairly traceable to the defendant, and that

17 it is likely that a favorable decision will redress that injury.").  Accordingly, even if this Court has

18 jurisdiction over Plaintiff's claims, the Court should dismiss Defendant Hall from the action.

19 **VI.    CONCLUSION**

20      Plaintiff's claims, regardless of whether they are pled under the ESA or APA, are all citizen

21 suits under the ESA.  Thus Plaintiff was required to notify NMFS 60 days before bringing suit.

22 Because Plaintiff did not do so, this Court lacks jurisdiction over Plaintiff's Complaint and must

23 dismiss it.  Even if this Court had jurisdiction, Plaintiff's second claim fails to state a claim upon

24 which relief may be granted, and therefore should be dismissed.  Moreover, Plaintiff fails to state

25 a claim against Defendant H. Dale Hall, who should be dismissed from this suit entirely.

26 Accordingly, Defendants pray this Court grant the Motion to Dismiss, and thereby dismiss Plaintiff's

27

28

1    Complaint.

2

3    Dated: June 16, 2008                   Respectfully Submitted,

4                                           RONALD J. TENPAS, Assistant Attorney General
                                            JEAN E. WILLIAMS, Section Chief
5

6                                           _____/s/ Lawson E. Fite_____
                                            LAWSON E. FITE,
7                                           Trial Attorney (Oregon Bar No. 055573)
                                            U.S. Department of Justice
8                                           Environment & Natural Resources Division
                                            Wildlife & Marine Resources Section
9                                           Ben Franklin Station
                                            P.O. Box 7369
10                                          Washington, DC 20044-7369
                                            Phone: (202) 305-0217
11                                          Fax: (202) 305-0275
                                            Email: lawson.fite@usdoj.gov
12
                                            Attorneys for Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   No. C 08-1488 SI
     Defendants' Memorandum in Support of Motion to Dismiss                          - 17 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MAN AGAINST EXTINCTION, a/k/a RICHARD MAX STRAHAN, | No. C 08-01488 SI |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| H. DALE HALL, Director of the United States Fish and Wildlife Service, and JAMES W. BALSIGER, Acting Assistant Administrator for Fisheries, National Marine Fisheries Service, | |
| Defendants. | |

I hereby certify that on June 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Lawson E. Fite*

LAWSON E. FITE

# GreenWorld

236 West Portal Avenue, #195
San Francisco CA 94127

24 February 2007

To:  Carlos Gutierrez
     Department of Commerce
     Washington D. C.

     Administrator
     National Oceanographic and Atmospheric Administration
     Washington D. C.

Re:  NOAA's Final Action to Bifurcate the Global Northern Right Whale Populations into
     Two Separate Individual Species.

To the Above Parties:

GreenWorld and I oppose NOAA's decision to re-list the populations of the Northern Right
Whales as two independent species for designation as listed species under the Endangered
Species Act.  On 27 December 2006, NOAA published a notice in the Federal Register that
announced its decision to re-list the Northern Right Whale as two separate species. There is no
scientific basis for such a re-listing. No independent scientist in history has ever proposed such a
taxonomic scheme. The Pacific and Atlantic populations of Northern Right Whale are
morphologically indistinguishable by the most trained expert in marine mammals. The sole basis
of NOAA's proposal is research conducted by a single group of geneticists without any
taxonomic experience at all. They were funded by NOAA to deliberately produce the intended
result of showing some modest difference in the genome of populations of Right Whales. These
modest differences cannot be interpreted scientifically support the existance of three Right
Whale species. In fact, it supports the opposite conclusion. The global populations of Right
Whales are in reality a single species. We demand that NOAA designate all Right Whale
populations as a single species with the common name of Black Whale as a listed species under
the Endangered Species Act. All of the species of great whales in the world are each recognized
as a single species except for the Right Whale. There is only one species of Humpback Whale in
the world. Genetic analysis has shown greater diversity in global populations in this species than
in Right Whales. If anything NOAA should correct past mistakes in classification of the Right
Whales and recognize the world populations of Right Whales as constituting a single species of
whale, like all other species of great whales.  The proposed relisting by NOAA has no possibility
of serving the conservation needs of any Right Whale population. NOAA offers no such analysis
in the proposal in the Federal Register. NOAA has no funding to produce two separate
conservation programs for Right Whales. NOAA has failed to appoint recovery teams for any
whale species. Its conservation efforts on whales are so modest as to not require the detailing of
assigning a separate effort for different populations of right whales. It does not do this for
Humpback Whales or any other species of whale. It has produced only one recovery plan for

every species of great whale except the right whale.  Why? NOAA felt the need to treat the Pacific Northern Right Whale population differently as far back as the adoption of the first recovery plan and clearly for factors that had nothing to do with the conservation needs of the whale. It was clearly based on arbitrary and capricious political and economic concerns about the Pacific population of these whales.

 At this time, we demand that NOAA hold a Public Hearing on this issue in Boston MA and Washington D. C.  This message is sent after the deadline that you posted for these said requests. However I still ask for the said Public hearing and see no reason why asking for a Public hearing at this time should be denied merely for not being made by an arbitrary and capricious date set buy NOAA.

This letter is also a notice pursuant to citizen suit provisions of the ESA, that at least sixty days from today, GreenWorld and I will bring suit against NOAA to stop it from re-listing the Northern Right Whale and designating its populations as two separate listed endangered species under the ESA. You may also consider this as a formal notice under the Federal Torts Act as a claim of injury by us of NOAA's negligent carrying out of ESA's non-discretionary and mandatory duties under the ESA in regards to listed species of large whales, including the Northern Right Whale, Southern Right Whale, Humpback Whale, Fin Whale, Sei Whale and Blue Whale, This negligence has caused much suffering and injury to us personally, including the loss of our aesthetic enjoyment of our immediate environment.  This is also a petition pursuant to the ESA and the Administrative procedures act to list the global populations of the Right Whale as a single species with the common name Black Whale.

I would be glad to discuss these petition/notices with you. I await your reply to these petition/notices.

In Peace,

Richard Max Strahan
National Campaign Director
GreenWorld
617.233.3854