IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAN AGAINST EXTINCTION, a/k/a RICHARD MAX STRAHAN,<br><br>    Plaintiff,<br><br>   v.<br><br>H. DALE HALL and JAMES BALSIGER,<br><br>    Defendants.<br>_____/ | No. C 08-01488 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    Defendants have filed a motion to dismiss this action for lack of jurisdiction. The motion is scheduled for hearing on August 22, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing.

    Plaintiff Man Against Extinction filed a complaint in this Court on March 18, 2008, seeking declaratory and injunctive relief against the U.S. Fish and Wildlife Service and the National Marine Fisheries Service. Plaintiff alleges that defendants violated the Administrative Procedure Act ("APA") and the Endangered Species Act ("ESA") by delisting the Northern right whale as an endangered species and in its place listing two separate species – the North Atlantic right whale and the North Pacific right whale – as endangered. Plaintiff also alleges that defendants failed to conduct the proper consultation under Section 7 of the ESA with regard to this action, and that defendants improperly denied plaintiff's petition to recognize a single global species of right whales. On April 1, 2008, this Court denied plaintiff's application for a temporary restraining order. Now before the Court is defendants' motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

    Defendants argue that this Court lacks jurisdiction over plaintiff's complaint because plaintiff

has failed to comply with the sixty-day notice requirement of the citizen-suit provisions of the ESA. Plaintiff has entered no opposition to the motion, and the Court agrees with defendants that it appears jurisdiction is lacking. Plaintiff's claims challenge the non-discretionary decisions of defendants and argue that defendants are in violation of the ESA, and thus fall under the citizen-suit provisions of the ESA, which provide that any person may bring a civil suit against any person to enjoin a violation of the ESA, 16 U.S.C. § 1540(g)(1)(A), or "against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary," *id.* § 1540(g)(1)(C). Such citizen suits may not be commenced until sixty days have elapsed following written notice of the violation. *Id.* §§ 1540(g)(2)(A), (2)(C). Defendants argue that plaintiff has not filed such notice, and the Court is not aware of any notice filed by plaintiff after defendants made the decisions challenged here. Although plaintiff did file a letter with the Department of Commerce and the National Oceanographic and Atmospheric Administration ("NOAA") regarding the NOAA's decision to list the Northern right whale as two separate species, that letter was filed in February 2007, well before defendants denied plaintiff's petition on May 30, 2007, and listed the two separate species on March 6, 2008. *See Natural Res. Def. Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1179 (E.D. Cal. 2008) (explaining that the sixty-day notice must be provided after the challenged decision, not before). Nor is the Court aware that defendants' decision to bifurcate one endangered species into two separate endangered species would constitute an "emergency posing a significant risk to the well-being of any species of fish or wildlife or plants," such that the sixty-day notice requirement would be waived. *Id.* § 1540(g)(2)(C).

The Court also notes that although plaintiff has styled his claims as arising under the APA, it appears that his claims also arise under the ESA and therefore plaintiff must comply with the requirements of the citizen-suit provision of that statute. *See Or. Natural Res. Council v. U.S. Forest Serv.*, 834 F.2d 842, 851 (9th Cir. 1987); *Allegheny County Sanitary Auth. v. EPA*, 732 F.2d 1167, 1177 (3d Cir. 1984). Accordingly, because plaintiff has not complied with the sixty-day notice requirement of the ESA, plaintiff is barred from bringing this suit and the Court lacks jurisdiction over it. *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998) ("A failure to strictly comply with the notice requirement acts as an absolute bar to bringing suit under the ESA.").

Defendants' motion to dismiss is GRANTED [Docket No. 16].  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 13, 2008

SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAN AGAINST EXTINCTION,<br><br>     Plaintiff,<br><br>v.<br><br>H. DALE HALL et al,<br><br>     Defendant._____/ | Case Number: CV08-01488 SI<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Man Against Extinction
Richard Max Strahan
236 West Portal Avenue, #195
San Francisco, CA 94127


Dated: August 14, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

*/s/ Sutton*