**FILED**

AUG 2 0 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAN AGAINST EXTINCTION )
)
*Plaintiff* )
) Civil Action No
v. )   .
) 08-01488-SI
H. DALE HALL, *et al*. )
) 19 August 2008
*Defendants* )

PLAINTIFF'S RULE 59 MOTION FOR RECONSIDERATION

The Plaintiff — Man Against Extinction — moves the Court pursuant to Rule 59 of Fed. R. Civ. Proc. to reconsider its 13 August 2008 order dismissing the Plaintiff's claims for lack of jurisdiction and judgment against him. Strahan was unable to file his opposition to the Defendants' motion to dismiss prior to the Court issuing its decision. He was discussing with the Defendants' attorney his plan to ask the Court for an extension on the date for its hearing and the date for his filing his opposition. The Court has apparently misinterpreted his Complaint's statement for basis for of claims under law.[1] Strahan is concurrently filing an amended complaint to clarify this matter.

---

[1] The Plaintiff is bringing his "no authority to create a biological species" claim against the Defendants under Section 706(2)(c) of the Administrative Procedures Act as an agency action done "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." He is wholly rejecting that the Defendants can even claim any recognizable authority to create a new species under any current provision of law or statute. He claims that he is therefore not bound to file any required notice of intent to bring suit pursuant to Section 11(g) of the ESA because this is not a claim of any maladministration of any specific authority given the Defendants under the ESA. The Defendants dispute this and claim that the Court has no jurisdiction to hear this claim absent the prior service of a requisite notice of intent to bring suit under the ESA. The parties agree that no notice of intent of any kind was served by the Plaintiff on the Defendants prior to the commencement of the instant action. The Plaintiff claims that the

Case 3:08-cv-01488-SI   Document 27   Filed 08/20/2008   Page 2 of 4

2

Strahan asks the Court to reconsider its judgment for dismissal as follows —

1. Strahan concedes that claims for violation of ESA's Section 4 requirements for the listing of species under 16 U. S. C. § 1533 require the prior service of a notice of intent to bring suits under the "citizen suit provisions" of ESA Section 11(g) and Strahan has eliminated this claim from his amended complaint. He is currently serving the required notice of intent on the Defendants and will restore this claim to his complaint at a later date.

2. However, the ESA's Section 11(g) does not authorize the bringing of suits for violation of ESA Section 7 claims of agency maladministration, such suits can only be brought pursuant to the Section 706 of the Administrative Procedures Act ("APA"), and such suits are therefore not bound to ESA Section 11(g)'s prior service of a notice of intent requirement. See *Bennett v. Spear*, 520 U. S. 154, 117 S. Ct. 1154 (1997).

3. Strahan can bring a claim for a failure to conduct an ESA Section 7 review on a specific agency act of listing species under the ESA Section 4 without having to challenge that said listing was in violation of ESA Section 4 provisions.

---

ESA's Section 11(g) notice of intent to bring suit requirement does not apply to claims brought under Section 7 of the ESA.

The Plaintiff is bringing a claim under APA Section 706 that the Defendants failed to comply with the ESA's Section 7(a) consultation requirement in its delisting/relisting the Right Whales in the Pacific as a de novo endangered species as being "without observance of procedure required by law" in violation of Section 706(2)(d) and as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of Section 706(a) and as unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court" in violation of Section 706(2)(f). The Plaintiff is also making similar claims for the failure of the Defendants to follow correct procedures under Section 4 of the ESA for listing/delisting a species as endangered in regards to said actions concerning Right Whales.

4. Strahan's Complaint brings a claim against the Defendant's "species creation" under Section 706(2)(c) of the as an agency action done "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right", that is not a claim under the ESA which has no provision referring to any aspect of "species creation."

The Plaintiff Complaint maintains an essential claim against the Defendants that they usurped any possible lawful authority by "creating out of the blue" a species of wildlife that is not recognized by any legitimate scientific body of systematic biology. The Complaint maintains that this act in itself is not authorized by any federal statute. The Complaint does not claim it is a violation of the ESA violation of the ESA — only that it is not authorized by it or any other federal statute. Such a claim is appropriately brought under APA Section 706 and is not brought pursuant to the ESA Section 11(g)'s grant of jurisdiction to prosecute claims for violations of ESA own provisions.

In this same vein, ESA Section 11(g) does not authorize any jurisdiction to bring suits for maladministration of an agency's mandatory duties imposed by ESA's Section 7. The Plaintiff maintains that all such claims are therefore only possibly brought under the APA also.

In summary, the Court was not compelled by the service of a prior notice of intent requirements of ESA Section 11(g) to dismiss his claims against the Defendants for their unlawful "species creation" and/or violation of their mandatory duties imposed by the ESA Section 7, because these claims were not brought pursuant to the jurisdiction afforded by this section. Strahan — as stated above — is filing an amended complaint to clarify the jurisdictional source for his claims against the Defendants.

For the above reasons the Plaintiff asks the Court to GRANT his requested relief. .

BY:

_____
Richard Max Strahan, Plaintiff
P. O. Box 990806
800 Boylston Street — The Prudential Center
Boston MA 02199
617.233.3854

*Pro Se and Proud!*

---

### CERTIFICATION OF SERVICE

---

I hereby certify that a copy of this opposition has been served E-mail, and through First Class U. S. Mail on the Defendants' attorney on 19 August 2008.

_____
Richard Strahan, Plaintiff