1  RONALD J. TENPAS
   Assistant Attorney General
2  Environment & Natural Resources Division
   JEAN E. WILLIAMS, Section Chief
3  LAWSON E. FITE, Trial Attorney (Oregon Bar No. 055573)
   U.S. Department of Justice
4  Environment & Natural Resources Division
   Wildlife & Marine Resources Section
5  Ben Franklin Station, P.O. Box 7369
   Washington, D.C. 20044-7369
6  Telephone: (202) 305-0217
   Facsimile: (202) 305-0275
7  Email: lawson.fite@usdoj.gov

8  Attorneys for Defendants

9           IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                   SAN FRANCISCO DIVISION

11                                    )
                                      )
12  MAN AGAINST EXTINCTION, a/k/a     )    No. C 08-01488 SI
    RICHARD MAX STRAHAN,              )
13                                    )
              Plaintiff,              )
                                      )    FEDERAL DEFENDANTS'
14        v.                          )    RESPONSE TO PLAINTIFF'S
                                      )    MOTION TO ALTER OR AMEND
15  H. DALE HALL, et al.,             )    JUDGMENT PURSUANT TO FED. R.
                                      )    CIV. P. 59(e)
16            Defendants.             )
                                      )
17                                    )
                                      )

18  I.    INTRODUCTION

19          Because the Plaintiff in this action had failed to provide the requisite 60-day notice, this

20  Court granted the Federal Defendants' Motion to Dismiss on August 13, 2008, and entered judgment

21  against the Plaintiff.  Doc. Nos. 23, 25.  Plaintiff now moves this Court to alter or amend its

22  judgment.[1]  Because Plaintiff's motion gives no basis for altering this Court's judgment— and

23

24  _____

25  [1]    Plaintiff's motion is styled a "Rule 59 Motion for Reconsideration."  Because, however,
    Rule 59(e) refers only to motions to alter or amend a judgment, Defendants refer to the motion as
26  such.  Fed. R. Civ. P. 59(e).  In the event Plaintiff's motion is denied, his Notice of Appeal, Doc.
    No. 28, will become effective upon the denial of the motion.  Fed. R. App. P. 4(a)(4)(B)(i).
27

28  No. C 08-1488 SI
    Defendants' Response to Plaintff's Rule 59 Motion to Alter or Amend Judgment                    1

1   indeed concedes that sufficient notice was not given— this Court should deny the motion.

2   **II.    STANDARD OF REVIEW**

3          A District Court has considerable discretion in evaluating a motion to reopen a judgment

4   under Rule 59.  Because, however, alteration of a judgment is an extraordinary remedy, it is

5   ordinarily appropriate only if "(1) the district court is presented with newly discovered evidence, (2)

6   the district court committed clear error or made an initial decision that was manifestly unjust, or (3)

7   there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734,

8   740 (9th Cir. 2001).  A district court may disregard legal arguments made for the first time on a

9   motion to amend.  Id.  "Newly discovered evidence," in the context of a Rule 59 motion, is only

10  evidence which could not have been found earlier through the exercise of due diligence.  Dixon v.

11  Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003).

12  **III.   ARGUMENT**

13         Plaintiff's motion should be denied because it fails to present any of the circumstances

14  required for alteration of a judgment.  First, Plaintiff concedes that adequate notice was not given

15  before the filing of the Complaint.  Pls. Mem. at 1 n.1, 3 ("The parties agree that no notice of intent

16  of any kind was served by the Plaintiff on the Defendants prior to the commencement of the instant

17  action.").  Accordingly this Court was justified in proceeding as if notice was not properly given.

18  Second, Plaintiff concedes that "claims for violation of ESA's Section 4 requirements" require

19  notice.  Pls. Mem. at 2.  As Defendants argued, and as this Court held, both Counts 1 and 3 are ESA

20  citizen-suits challenging violations of non-discretionary ESA section 4 duties.   Order at 2;

21  see McCrary v. Gutierrez, 528 F. Supp. 2d 995, 998 (N.D. Cal. 2007) (challenge to 90-day finding

22  requires 60-day notice); Federation of Fly Fishers v. Daley, 200 F. Supp. 2d 1181, 1185 (N.D. Cal.

23  2002) (challenge to final listing rule is ESA citizen-suit claim).  Accordingly, this Court did not err

24  in dismissing Counts 1 and 3 of the Complaint.

25         Plaintiff argues that Count 2 of his Complaint does not require 60-day notice because it is

26  a claim against NMFS's alleged "maladministration" of the ESA and that such claims are brought

27

28  No. C 08-1488 SI
    Defendants' Response to Plaintff's Rule 59 Motion to Alter or Amend Judgment                    2

1   under the APA.  Plaintiff, in proffering such an argument, misreads the Supreme Court's decision

2   in <u>Bennett v. Spear</u>, 520 U.S. 154 (1997).  In <u>Bennett</u>, the Supreme Court recognized that a

3   challenge to a Biological Opinion– the end product of consultation– proceeds under the APA.  <u>Id.</u>

4   at 173.  However, when a claim is brought against an action agency–that is, the agency that would

5   <u>initiate</u> consultation– such a claim proceeds under the ESA.  <u>Bennett</u> specifically states that the ESA

6   citizen-suit provision "is a means by which private parties may enforce the substantive provisions

7   of the ESA against regulated parties-both private entities and Government agencies." <u>Id.</u> The Ninth

8   Circuit has repeatedly held that when a plaintiff brings a claim alleging that a government agency

9   has impermissibly failed to initiate or reinitiate Section 7 consultation, the claim is just such an ESA

10  citizen-suit claim.   <u>Washington Toxics Coal. v. EPA</u>, 413 F.3d 1024, 1034 (9th Cir. 2005);

11  <u>Environmental Prot. Info. Ctr. v. Simpson Timber Co.</u>, 255 F.3d 1073, 1079 (9th Cir. 2001).  This

12  is exactly the claim presented in Count 2, where Plaintiff alleges that NMFS is required to initiate

13  consultation on its action in listing the two whale species.  Therefore Plaintiff was required to

14  provide 60-day notice, and because Plaintiff failed to do so, this Court did not err in dismissing the

15  claim.

16          Plaintiff further argues that he is bringing a claim that NMFS acted <u>ultra vires</u> in "creating"

17  a new species, and that this purported claim arises not under the ESA but under the APA.  Plaintiff's

18  argument is merely a repetition and repackaging of the Complaint's styling of his claims under the

19  APA in order to attempt to skirt the ESA's notice requirement.   In either case, Plaintiff is

20  challenging the merits of NMFS's decision to list the Northern right whale as two species.

21  Accordingly, any APA claim is precluded because it is "identical in all relevant respects to the ESA

22  cause of action."  <u>Coos County Bd. of Comm'rs v. Kempthorne</u>, 531 F.3d 792, 810 (9th Cir. 2008)

23  (citing <u>Brem-Air Disposal v. Cohen</u>, 156 F.3d 1002, 1004-05 (9th Cir. 1998)).  As this Court

24  recognized, then, Plaintiff's restyling of his claims does not relieve the Plaintiff of his obligation to

25  provide 60-day notice.  Order at 2.

26          Plaintiff attempts to explain his failure to respond to the motion to dismiss, but does not

27

28  No. C 08-1488 SI
    Defendants' Response to Plaintff's Rule 59 Motion to Alter or Amend Judgment                    3

present any basis for amending the judgment. Plaintiff states that he "was unable to file his opposition to the Defendants' motion to dismiss" and that he "was discussing with the Defendants' attorney his plan to ask the Court for an extension." Pls. Mem. at 1. These explanations are at best vague and insufficient. Plaintiff contacted the undersigned — on the day Plaintiff's opposition was due—regarding Defendants' position on an extension of time. Despite being advised that Defendants would not oppose an extension to the briefing deadline, Plaintiff filed neither a motion for an extension nor an opposition to Defendants' motion. Moreover, Plaintiff has not credibly explained the basis for the delay. See Fite Decl., ¶ 2, Exh. A. Regardless of the reason for the delay, the fundamental fact remains that Plaintiff was required to give 60-day notice for each of his claims, and indisputably failed to do so. Accordingly this Court did not err in dismissing the Complaint.

Although Plaintiff's motion states he "is filing an amended complaint to clarify the jurisdictional source for his claims," Pls. Mem. at 3, no amended complaint has been tendered. Judgment, however, is a bar to amendment under Rule 15(a). See 6 Wright & Miller, Federal Practice & Procedure §1489. Plaintiff has not demonstrated that an amended complaint would cure the jurisdictional defects present in his case, and therefore his motion to alter or amend the judgment should be denied.

## IV.    CONCLUSION

This Court did not err in dismissing this case for lack of jurisdiction. Because Plainitff's Rule 59 motion does not establish any error in fact or law in this Court's dismissal order, Plaintiff's motion should be denied.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| MAN AGAINST EXTINCTION, a/k/a RICHARD MAX STRAHAN, | No. C 08-01488 SI |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| H. DALE HALL, et al., | |
| Defendants. | |

I hereby certify that on September 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                    /s/ Lawson E. Fite
                          LAWSON E. FITE

1  RONALD J. TENPAS, Assistant Attorney General
   JEAN E. WILLIAMS, Section Chief
2  LAWSON E. FITE, Trial Attorney, Pro Hac Vice (Oregon Bar No. 055573)
   U.S. Department of Justice
3  Environment & Natural Resources Division
   Wildlife & Marine Resources Section
4  Ben Franklin Station
   P.O. Box 7369
5  Washington, DC 20044-7369
   Phone: (202) 305-0217
6  Fax: (202) 305-0275
   Email: lawson.fite@usdoj.gov
7
   Attorneys for Federal Defendants
8
                    IN THE UNITED STATES DISTRICT COURT
9
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11  MAN AGAINST EXTINCTION, a/k/a        )    No. C 08-1488 SI
    RICHARD MAX STRAHAN,                 )
12                                       )
                                         )    DECLARATION OF LAWSON E. FITE
13             Plaintiff,                )    IN SUPPORT OF FEDERAL
                                         )    DEFENDANTS' RESPONSE TO
14       v.                              )    PLAINTIFF'S RULE 59 MOTION
                                         )
15  H. DALE HALL, et al.,                )
                                         )
16             Defendants.               )
                                         )
17                                       )
                                         )
18                                       )

19
    I, Lawson E. Fite, hereby declare:
20
    1.    I am the Trial Attorney in the Wildlife and Marine Resources Section, Environment and
21
          Natural Resources Division of the United States Department of Justice, with primary
22
          responsibility for the above-captioned case.  I make this declaration based upon personal
23
          knowledge, and if called to testify about the fact included herein, I could and would do so
24
          competently.
25
    2.    I certify that attached hereto as Exhibit A is a true and correct copy of an electronic mail
26
          message I received from the Plaintiff in this case, Max Strahan, on August 8, 2008, with
27

28                                           1

1     my response thereto.

2   3.     On August 13, 2008, I discussed the preparation of a joint case management statement

3         with Mr. Strahan.  Mr. Strahan did not respond to the inquiries contained in my electronic

4         mail message of August 8, 2008.

5

6   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and

7   correct to the best of my knowledge.  Executed this 5th day of September, 2008, at Washington,

8   D.C.

9

10                                                       */s/ Lawson E. Fite*

11                                               LAWSON E. FITE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Fite Declaration                     2                     No. C 08-1488 SI

**Fite, Lawson (ENRD)**

| | |
|---|---|
| **From:** | Fite, Lawson (ENRD) |
| **Sent:** | Friday, August 08, 2008 3:59 PM |
| **To:** | 'Richard Max Strahan ' |
| **Subject:** | RE: Strahan v. Hall, No. C 08-1488 (N.D. Cal.) |

Mr. Strahan,

We would not object to you filing a motion requesting a short extension of 2-3 days on your opposition brief, which is due today, provided that our reply is extended an equivalent amount of time.  You may represent in your moving papers that we do not object to a short extension of 2-3 days.

The next open hearing date on the Court's calendar is October 10.  Given that it has already been seven weeks since we filed our motion, we do not think a further delay of two months is reasonable.  At minimum, the case management conference set for 8/22 should proceed.  We take no position at this time should you file a motion for a continuance of the hearing on the motion to dismiss, and will review such a motion once it is filed.

Please tell me the details of your other commitments in Boston.

Thanks,
Lawson Fite

-----Original Message-----
From: Richard Max Strahan [mailto:maxx@whalesafe.org]
Sent: Friday, August 08, 2008 3:22 PM
To: Fite, Lawson (ENRD)
Subject: Strahan v. Hall, No. C 08-1488 (N.D. Cal.)


 8 August 2009

 Mr. Fite,

  How are you?

  I have been forced to attand court hearing in Boston at the end of August. This makes it impossible to attend the scheduled hearing on the Rule 12 motion and other matters. I would like you to accede to a continuous to the end of September at a date convenient for you and the court. I have not had the time to respond to your Rule 12 motion as a result of my required  involvement in these other cases.  I also am asking you to accede to extend the time to respond to your Rule 12 motion as part of a general continuance on current deadlines.  of the proceedings.

  I look forward to hearing from you.

In Peace,

Richard Max Strahan
617-233-3854