IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAN AGAINST EXTINCTION, a/k/a<br>RICHARD MAX STRAHAN,<br><br>    Plaintiff,<br><br>  v.<br><br>H. DALE HALL and JAMES BALSIGER,<br><br>    Defendants.<br>_____/ | No. C 08-01488 SI<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION** |

Plaintiff has filed a motion pursuant to Federal Rule of Civil Procedure 59 to "reconsider" the Court's April 13, 2008 decision dismissing plaintiff's claims for lack of jurisdiction. The Court construes plaintiff's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6) and DENIES the motion.

Plaintiff Man Against Extinction filed a complaint in this Court on March 18, 2008, seeking declaratory and injunctive relief against the U.S. Fish and Wildlife Service and the National Marine Fisheries Service. Plaintiff alleged that defendants violated the Administrative Procedure Act ("APA") and the Endangered Species Act ("ESA") by delisting the Northern right whale as an endangered species and in its place listing two separate species – the North Atlantic right whale and the North Pacific right whale – as endangered. Plaintiff also alleged that defendants failed to conduct the proper consultation under Section 7 of the ESA with regard to this action, and that defendants improperly denied plaintiff's petition to recognize a single global species of right whales.

Defendants filed a motion to dismiss on June 16, 2008, setting the hearing date for August 22,

2008. Plaintiff's opposition was due no later than August 1, 2008,[1] but no opposition was ever filed.

In ruling on defendants' unopposed motion, the Court held that although plaintiff styled his claims as arising under the APA, his claims also arose under the ESA and plaintiff was therefore required to comply with the citizen-suit provision of that statute. *See Or. Natural Res. Council v. U.S. Forest Serv.*, 834 F.2d 842, 851 (9th Cir. 1987); *Allegheny County Sanitary Auth. v. EPA*, 732 F.2d 1167, 1177 (3d Cir. 1984). Because plaintiff did not comply with the sixty-day notice requirement of the ESA, the Court held that plaintiff was barred from bringing this suit and that the Court lacked jurisdiction over it. *Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998) ("A failure to strictly comply with the notice requirement acts as an absolute bar to bringing suit under the ESA.").

Plaintiff now argues that his claim alleging that defendants failed to comply with the Section 7 consultation requirements of the ESA is governed by the APA, which has no notice requirements. Plaintiff's assertion that his claim is governed by the APA is incorrect. *See Washington Toxics Coal. v. EPA*, 413 F.3d 1024, 1034 (9th Cir. 2005) ("Plaintiffs' suits to compel agencies to comply with the substantive provisions of the ESA arise under the ESA citizen suit provision, and not the APA.").

Plaintiff's current motion is no more than an ill-disguised opposition to defendants' original motion to dismiss, which is untimely. Plaintiff has utterly failed to comply with local rules for filing a motion for reconsideration. In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Civil Local Rule 7-9(b) provides, in pertinent part:

> The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

---

[1] Plaintiff evidently contacted defendant on August 8, 2008, after his opposition papers were already a week late, about obtaining an extension of time to the end of September, 2008 to hear and brief the motion. This request was never made to the Court, nor was the Court even informed of it at the time. No opposition to the motion to dismiss was ever filed by plaintiff.

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b). Plaintiff has not established any of these grounds.

The Court therefore DENIES plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: October 7, 2008

SUSAN ILLSTON
United States District Judge